Hugh H. Mo (HM-0425)
Franklin K. Chiu (FC-0354)
THE LAW FIRM OF HUGH H. MO, P.C.
225 Broadway, Suite 2702
New York, New York 10007
(212) 385-1500
*Attorneys for Defendant Kwok K. Wong*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

SIMONE J. JELKS,                                    Civil Action No.
                                                    07-CV-7513 (PKC)

                    Plaintiff,

                                                    **ANSWER**

GILYARD MFG. CO. LLC, KWOK K.
WONG, and DONG CHI MING,

                    Defendants.
-----------------------------------------------------------X

    Defendant Kwok K. Wong, by his attorneys, The Law Firm of Hugh H. Mo, P.C., as

and for his Answer to the Complaint, states as follows:

## **NATURE OF THE CASE**

    1.    Denies the truth of the allegations contained in paragraph "1", except admits that

Plaintiff was employed by Defendant Gilyard Mfg., which was engaged in the business of

manufacturing and distributing clothing.

    2.    Denies having knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph "2".

    3.    Denies having knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph "3", and refers all questions of law to a

determination by this Court.

1

4.    Denies the allegations contained in paragraph "4" that are allegedly attributed to this answering Defendant, except admits that on or about October 31, 2006, Defendant Gilyard Mfg. informed all of its employees, including Plaintiff, that the company was going out of business and that all of its employees were terminated, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "4".

5.    Denies the allegations contained in paragraph "5" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "5", and refers all questions of law to a determination by this Court.

6.    Denies the allegations contained in paragraph "6" to the extent that they refer to this answering Defendant specifically and by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "6", and refers all questions of law to a determination by this Court.

7.    Denies the allegations contained in paragraph "7" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "6", and refers all questions of law to a determination by this Court.

## JURISDICTION AND VENUE

8.      Denies the allegations contained in paragraph "8" and refers all questions of law to a determination by this Court.

9.      Denies the allegations contained in paragraph "9" and refers all questions of law to a determination by this Court.

10.     Denies the allegations contained in paragraph "10" and refers all questions of law to a determination by this Court.

## THE PARTIES

**Plaintiff**

11.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11", except admits that, upon information and belief, Plaintiff is an adult woman.

12.     Denies the allegations contained in paragraph "12" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, except admits that Plaintiff was employed by Defendant Gilyard Mfg. in New York City, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "12", and refers all questions of law to a determination by this Court.

13.     Denies the allegations contained in paragraph "13" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, except admits that Plaintiff was employed by Defendant Gilyard Mfg., and refers all questions of law to a determination by this Court.

3

**Defendants**

**Gilyard Mfg.**

14.     Admits the allegations contained in paragraph "14".

15.     Denies the allegations contained in paragraph "15".

16.     Admits the allegations contained in paragraph "16".

17.     Denies the allegations contained in paragraph "17", except admits that Defendant Gilyard Mfg. has a warehouse located at 25 Main Street in the City of Belleville in the State of New Jersey.

18.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18", except admits that Gilyard Mfg. conducted business in the State of New York, refers all questions of law to a determination by this Court, and further objects to Plaintiff's use of the phrase "at all times relevant to this action," which is vague and ambiguous.

**Wong**

19.     Admits the allegations contained in paragraph "19", but objects to Plaintiff's use of the phrase "at all times relevant to this action," which is vague and ambiguous.

20.     Denies the allegations contained in paragraph "20", and further objects to Plaintiff's use of the phrase "at all times relevant to this action," which is vague and ambiguous.

21.     Denies the allegations contained in paragraph "21", and further objects to Plaintiff's use of the phrase "at all times relevant to this action," which is vague and ambiguous.

22.     Denies the allegations contained in paragraph "22", and further objects to Plaintiff's use of the phrase "at all times relevant to this action," which is vague and ambiguous.

23.     Denies the allegations contained in paragraph "23", and further objects to Plaintiff's use of the phrase "at all times relevant to this action," which is vague and ambiguous.

24.     Denies the allegations contained in paragraph "24", refers all questions of law to a determination by this Court, and further objects to Plaintiff's use of the phrase "at all times relevant to this action," which is vague and ambiguous.

25.     Denies the allegations contained in paragraph "25", refers all questions of law to a determination by this Court, and further objects to Plaintiff's use of the phrase "at all times relevant," which is vague and ambiguous.

26.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" and refers all questions of law to a determination by this Court.

**Ming**

27.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27", and further objects to Plaintiff's use of the phrase "at all times relevant to this action," which is vague and ambiguous.

28.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28", and further objects to Plaintiff's use of the phrase "at all times relevant to this action," which is vague and ambiguous.

5

29.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29", and further objects to Plaintiff's use of the phrase "at all times relevant to this action," which is vague and ambiguous.

30.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30", and further objects to Plaintiff's use of the phrase "at all times relevant," which is vague and ambiguous.

31.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31", and further objects to Plaintiff's use of the phrase "at all times relevant to this action," which is vague and ambiguous.

32.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32", and further objects to Plaintiff's use of the phrase "at all times relevant," which is vague and ambiguous.

33.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33".

## FACTUAL ALLEGATIONS

### Background and Plaintiff's Duties

34.     Denies the allegations contained in paragraph "34" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, except admits that Plaintiff was employed by Defendant Gilyard Mfg. as an administrative assistant/secretary to Jemik Adams who was the Sales Manager of Defendant Gilyard Mfg., but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "34".

35.    Denies the allegations contained in paragraph "35" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, except, upon information and belief, admits that Defendant Gilyard Mfg. paid Plaintiff an annual salary of $33,000, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "35".

36.    Upon information and belief, admits the allegations contained in paragraph "36".

37.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37".

38.    Denies the allegations contained in paragraph "38" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "38".

39.    Denies the allegations contained in paragraph "39" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "39".

40.    Denies the allegations contained in paragraph "40" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, except, upon information and belief, admits that Plaintiff was provided with health insurance through Oxford Health Plans, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "40".

41.     Denies the allegations contained in paragraph "41" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, except, upon information and belief, admits that Defendant Gilyard Mfg. provided dental insurance through Aflac, which was paid by its employees, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "41".

42.     Denies the allegations contained in paragraph "42", except admits, upon information and belief, that Plaintiff's job duties included providing customer service and coordinating sales trips, but denies having knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff's duties included cataloging of merchandise, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "42".

43.     Denies the allegations contained in paragraph "43" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "43".

44.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "44".

45.     Denies the allegations contained in paragraph "45" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, except admits that, in or about November 2006, Defendant Gilyard Mfg. withheld payment of Plaintiff's last check for her normal semi-monthly salary, but otherwise denies having

8

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "45".

46.    Denies the allegations contained in paragraph "46" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, except admits that Defendant Gilyard Mfg. paid Ms. Jelks part of her October 2006 wages with a post-dated check, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "46".

47.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "47".

48.    Admits that this answering Defendant informed all employees on or about October 31, 2006, that Defendant Gilyard Mfg. was going out of business, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "48", but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "48".

49.    Denies the allegations contained in paragraph "49" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, except admits that all employees were terminated on or about October 31, 2006, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "49".

50.    Admits the allegations contained in paragraph "50".

51.    Denies the allegations contained in paragraph "51", except admits that Defendant Gilyard Mfg. demanded that Plaintiff return certain assets of Defendant Gilyard

Mfg. which, on or about November 3, 2006, Plaintiff stole from Defendant Gilyard Mfg. and which value exceeded the amount of her last paycheck.

52.    Denies the allegations contained in paragraph "52".

**Unpaid Overtime & Spread of Hours Pay**

53.    Denies the allegations contained in paragraph "53" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "53".

54.    Denies the allegations contained in paragraph "54" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "54".

55.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "55".

56.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "56".

57.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "57".

58.    Denies the allegations contained in paragraph "58" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "58".

59.    Denies the allegations contained in paragraph "59" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "59", and refers all questions of law to a determination by this Court.

60.    Denies the allegations contained in paragraph "60" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "60", and refers all questions of law to a determination by this Court.

**Failure to Pay Insurance Premiums**

.    61.    Denies the allegations contained in paragraph "61" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, except, upon information and belief, admits that Defendant Gilyard Mfg. withheld approximately $40.20 from each of Plaintiff's semi-monthly paychecks for Plaintiff's Oxford Health Insurance, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "61".

62.    Denies the allegations contained in paragraph "62" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "62".

63.    Denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "63".

64.    Denies the allegations contained in paragraph "64" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "64".

65.    Denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "65".

66.    Denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "66".

**Violation of COBRA**

67.    Denies the allegations contained in paragraph "67" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, except admits that on or about October 31, 2006, Plaintiff's employment with Defendant Gilyard Mfg. was terminated, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "67".

68.    Denies the allegations contained in paragraph "68" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "68".

69.    Denies the allegations contained in paragraph "69" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "69".

70.    Denies the allegations contained in paragraph "70" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "70".

## FIRST CAUSE OF ACTION

71.    As and for an answer to paragraph "71" of Plaintiff's Complaint, Defendant Kwok K. Wong realleges and incorporates by reference all of his answers to the allegations in all preceding paragraphs.

72.    Denies the allegations contained in paragraph "72" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "72", and refers all questions of law to a determination by this Court.

73.    Denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "73", and refers all questions of law to a determination by this Court.

74.    Denies the allegations contained in paragraph "74" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "74", and refers all questions of law to a determination by this Court.

75.    Denies the allegations contained in paragraph "75" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but

otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "75".

76.    Denies the allegations contained in paragraph "76" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "76".

77.    Denies the allegations contained in paragraph "77" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "77", and refers all questions of law to a determination by this Court.

78.    Denies the allegations contained in paragraph "72" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "78", and refers all questions of law to a determination by this Court.

79.    Denies the allegations contained in paragraph "79" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "79", and refers all questions of law to a determination by this Court.

80.    Denies the allegations contained in paragraph "80" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but

otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "80", and refers all questions of law to a determination by this Court.

81.    Denies the allegations contained in paragraph "81" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "81", and refers all questions of law to a determination by this Court.

82.    Denies the allegations contained in paragraph "82" to the extent that they refer to this answering Defendant, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "82", and refers all questions of law to a determination by this Court.

## SECOND CAUSE OF ACTION

83.    As and for an answer to paragraph "83" of Plaintiff's Complaint, Defendant Kwok K. Wong realleges and incorporates by reference all of his answers to the allegations in all preceding paragraphs.

84.    Denies the allegations contained in paragraph "81" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, except, upon information and belief, Plaintiff was an employee of Defendant Gilyard Mfg., but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "81", and refers all questions of law to a determination by this Court, and further objects to Plaintiff's use of the phrase "at all times relevant," which is vague and ambiguous.

15

85.    Denies the allegations contained in paragraph "85" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "85", and refers all questions of law to a determination by this Court.

86.    Denies the allegations contained in paragraph "86" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "86".

87.    Denies the allegations contained in paragraph "87" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "87", and refers all questions of law to a determination by this Court.

88.    Denies the allegations contained in paragraph "88" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "88", and refers all questions of law to a determination by this Court.

89.    Denies the allegations contained in paragraph "89" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of

the remaining allegations contained in paragraph "89", and refers all questions of law to a determination by this Court.

90.    Denies the allegations contained in paragraph "90" to the extent that they refer to this answering Defendant, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "90", and refers all questions of law to a determination by this Court.

## THIRD CAUSE OF ACTION

91.    As and for an answer to paragraph "91" of Plaintiff's Complaint, Defendant Kwok K. Wong realleges and incorporates by reference all of his answers to the allegations in all preceding paragraphs.

92.    Denies the allegations contained in paragraph "92" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "92", and refers all questions of law to a determination by this Court.

93.    Denies the allegations contained in paragraph "93" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "93".

94.    Denies the allegations contained in paragraph "94" to the extent that they refer to this answering Defendant, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "94", and refers all questions of law to a determination by this Court.

## FOURTH CAUSE OF ACTION

95.     As and for an answer to paragraph "95" of Plaintiff's Complaint, Defendant Kwok K. Wong realleges and incorporates by reference all of his answers to the allegations in all preceding paragraphs.

96.     Denies the allegations contained in paragraph "96" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, except, upon information and belief, admits that Plaintiff was an employee of Defendant Gilyard Mfg., but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "96", and refers all questions of law to a determination by this Court, and further objects to Plaintiff's use of the phrase "at all times relevant," which is vague and ambiguous.

97.     Denies the allegations contained in paragraph "97" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "97", and refers all questions of law to a determination by this Court.

98.     Denies the allegations contained in paragraph "98" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "98", and refers all questions of law to a determination by this Court.

99.     Denies the allegations contained in paragraph "99" to the extent that they refer to this answering Defendant, but otherwise denies having knowledge or information sufficient

to form a belief as to the truth of the remaining allegations contained in paragraph "99", and refers all questions of law to a determination by this Court.

## FIFTH CAUSE OF ACTION

100.    As and for an answer to paragraph "100" of Plaintiff's Complaint, Defendant Kwok K. Wong realleges and incorporates by reference all of his answers to the allegations in all preceding paragraphs.

101.    Denies the allegations contained in paragraph "101" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, except admits that Plaintiff was employed by Defendant Gilyard Mfg., but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "101", and refers all questions of law to a determination by this Court, and further objects to Plaintiff's use of the phrase "at all times relevant to this action," which is vague and ambiguous.

102.    Denies the allegations contained in paragraph "102" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "102".

103.    Denies the allegations contained in paragraph "103" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "103".

104.    Denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "104".

19

105.    Denies the allegations contained in paragraph "105" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "105", and refers all questions of law to a determination by this Court.

106.    Denies the allegations contained in paragraph "106" to the extent that they refer to this answering Defendant, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "106", and refers all questions of law to a determination by this Court.

## SIXTH CAUSE OF ACTION

107.    As and for an answer to paragraph "107" of Plaintiff's Complaint, Defendant Kwok K. Wong realleges and incorporates by reference all of his answers to the allegations in all preceding paragraphs.

108.    Denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "108", and refers all questions of law to a determination by this Court.

109.    Denies the allegations contained in paragraph "109" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "109", and refers all questions of law to a determination by this Court.

110.    Denies the allegations contained in paragraph "110" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively,

except admits that Plaintiff's employment with Defendant Gilyard Mfg. was terminated on or about October 31, 2006, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "110".

111.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "111", and refers all questions of law to a determination by this Court.

112.    Refers all questions of law to a determination by this Court.

113.    Denies the allegations contained in paragraph "113" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "113".

114.    Denies the allegations contained in paragraph "114" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "114".

115.    Denies the allegations contained in paragraph "115" to the extent that they refer to this answering Defendant by Plaintiff's improper reference to "Defendants," collectively, but otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "115", and refers all questions of law to a determination by this Court.

116.    Denies the allegations contained in paragraph "116", and refers all questions of law to a determination by this Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

117.    Plaintiff's First Amended Complaint fails to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

118.    The Court does not have subject matter jurisdiction over the causes of action set forth in Plaintiff's Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

119.    Plaintiff's Complaint fails to state the bases of the causes of action contained therein with sufficient particularity and specificity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

120.    Plaintiff failed to take all steps necessary and proper to mitigate damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

121.    Plaintiff's claims are barred by the doctrine of unclean hands.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

122.    Plaintiff's claims are barred by the doctrine of waiver.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

123.    Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

124.    Plaintiff's claims are the proximate result of the acts of third parties outside the knowledge or control of this answering Defendant.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

125.    Plaintiff has failed to join all necessary parties for the proper adjudication of this action.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

126.    Plaintiff's claims are barred by the appropriate Statute(s) of Limitations.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

127.    Plaintiff fails to state a claim for liquidated and/or punitive damages upon which relief can be granted.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

128.    Plaintiff fails to state a claim for attorneys' fees or costs upon which relief can be granted.

## AS AND FOR A CROSS-CLAIM
## AGAINST DEFENDANT GILYARD MFG. CO. LLC
## AND DEFENDANT DONG CHI MING
### (the "Co-Defendants")

129.    If Plaintiff was caused to sustain the damages as alleged in the Complaint, said damages will have been sustained by reason of the carelessness, recklessness, negligence, or culpable conduct by the Co-Defendants, and if this answering Defendant is also found negligent, and/or culpable, then answering Defendant will be entitled to be indemnified, in whole or in part, by the Co-Defendants, for the portion of the Plaintiff's damages which were caused by the negligent and/or culpable party named in this claim over, together with this answering Defendant's attorneys' fees, cost of investigation and disbursements.

**WHEREFORE** Defendant KWOK K. WONG respectfully prays that this Court dismiss Plaintiff's Complaint against him with prejudice, grant judgment on his Cross-Claim

against the Co-Defendants, and award him reasonable attorneys' fees, costs and disbursements together with such other and further relief as this Court deems necessary and just.

Dated: New York, New York
      December 6, 2007

THE LAW FIRM OF HUGH H. MO, P.C.

By: Hugh H. Mo (HM 0425)

Attorneys for Defendant
KWOK K. WONG
225 Broadway, Suite 2702
New York, New York 10007
(212) 385-1500

24