# Exhibit A

Case 1:07-cv-07513-PKC    Document 12-2    Filed 04/30/2008    Page 1 of 16

**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
ReNika Moore (RM 3484)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SIMONE J. JELKS,<br><br>      Plaintiff,<br><br>   - against -<br><br>GILYARD MFG. CO LLC;<br>KWOK K. WONG; WONG CHI MING; AND<br>CHARLES CHONG,<br><br>      Defendants. | 07 Civ. 07513 (PKC)<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff Simone J. Jelks, by and through her attorneys, OUTTEN & GOLDEN LLP, alleges as follows:

### NATURE OF THE CASE

1. This case is about unpaid wages. Simone J. Jelks (hereinafter "Ms. Jelks" or "Plaintiff") worked diligently for Gilyard Mfg. Co., LLC ("Gilyard Mfg."), a start-up urban clothing manufacturer. When Gilyard Mfg. claimed to have financial problems, it refused to pay her wages for six weeks of work.

2. Gilyard Mfg. also failed to pay her health and disability insurance premiums for approximately three months, despite withholding money from her paycheck to pay such benefits.

3. Throughout her employment, Ms. Jelks routinely worked more than 40 hours per week, often attending business conferences outside of New York. Gilyard Mfg. failed to pay Ms. Jelks overtime wages for any of the weeks in which she worked more than 40 hours.

4. In November 2006, Gilyard Mfg. informed Ms. Jelks that the company was closing and terminated her employment. Yet, Gilyard Mfg. continued to operate, recovered financially and, today employs more than a dozen employees. When Ms. Jelks asked to be paid for her last six weeks Defendant Kwok K. Wong ("Wong"), one of Gilyard's owners, refused and told her that the only way she would recover her wages was to "sue him."

5. Defendants failed to comply with their notification obligations under the COBRA after they terminated her employment.

6. Ms. Jelks brings these claims against her former employers, Gilyard Mfg., Wong, and Wong Chi Ming ("Ming"), and Charles Chong ("Chong") (collectively "Defendants"). Wong, Ming, and Chong are three of the ten largest shareholders of Gilyard Mfg. and are therefore individually liable for "all debts, wages, and salaries" pursuant to New York Business Corporation Law § 630(b).

7. Ms. Jelks brings this action against Defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.; the New York Labor Law Article 6 ("NYLL"), §§ 190 et seq. and Article 19, §§ 650 et seq.; and the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. §§ 1161 et seq.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over the FLSA and the COBRA claims pursuant to 28 U.S.C. §§ 1331 and 1337 because they present federal questions. This Court has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367 because they form

part of the same case or controversy as the claims within original jurisdiction.

9. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in the District.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff**

11. Ms. Jelks is an adult woman who is a resident of East Orange, Essex County in the State of New Jersey.

12. Ms. Jelks was employed in New York City by Defendants from August 15, 2005 until approximately November 19, 2006.

13. At all times relevant to this action, Ms. Jelks was an "employee," "person," and/or "individual" with respect to Defendants, as those terms are defined for purposes of the FLSA, the NYLL, and the COBRA.

**Defendants**

**Gilyard Mfg.**

14. Defendant Gilyard Mfg. manufactures clothing sold in interstate commerce.

15. Gilyard Mfg. is a New York corporation with its headquarters in New York, New York.

16. Gilyard Mfg. is located at 1384 Broadway, 23rd Floor, in the City and County of New York, in the State of New York, and is authorized to do business in the State of New York.

17. Gilyard Mfg. has two warehouses located at 230-59 International Airport Ctr. 8,

- 3 -

Room 190, in the Town of Springfield Gardens and County of Queens in the State of New York, and 25 Main Street in the City of Belleville and County of Essex in the State of New Jersey.

18. At all times relevant to this action, Gilyard Mfg. has conducted or engaged in substantial business in the State of New York, and thereby has obtained the benefits of the laws and the retail and labor markets of the State of New York.

**Wong**

19. Upon information and belief, at all times relevant to this action, Defendant Wong resided at 6347 Booth Street, Apt. 5A, in the Town of Rego Park and County of Queens, in the State of New York.

20. Upon information and belief, at all times relevant to this action, Wong owned and operated Gilyard Mfg.

21. Upon information and belief, at all times relevant to this action, Wong has been a shareholder, partner, and/or principal of Gilyard Mfg.

22. Upon information and belief, at all times relevant to this action, Wong administered payroll for Gilyard Mfg.

23. Upon information and belief, at all times relevant to this action, Wong has had the power to hire and fire employees, set wages, create and retain time and/or wage records, and otherwise control the terms and conditions of Gilyard Mfg.'s employees.

24. Upon information and belief, at all times relevant to this action, Wong had the power to stop any illegal pay practices that harmed Ms. Jelks.

25. Wong is a covered employer within the meaning of the FLSA, the NYLL, and the COBRA, and at all times relevant, employed and/or jointly employed Ms. Jelks.

26. Ms. Jelks, by her lawyers, notified Wong by letter on or about January 29, 2007, that

- 4 -

Gilyard Mfg. owed Ms. Jelks her unpaid salary and employee benefits. She further notified Wong that, as one of the top ten shareholders of Gilyard Mfg., he was jointly and severally liable for "all debts, wages, and salaries" owed to Ms. Jelks within the meaning of NYBCL § 630(b).

**Ming**

27. Upon information and belief, at all times relevant to this action, Defendant Ming resided at 2134 Brown Street, in the City of Brooklyn and County of Kings, in the State of New York.

28. Upon information and belief, at all times relevant to this action, Ming owned and operated Gilyard Mfg.

29. Upon information and belief, at all times relevant to this action, Ming has been a shareholder, partner, and/or principal of Gilyard Mfg.

30. Upon information and belief, at all times relevant, Ming has had the power to hire and fire employees, set wages, create and retain time and/or wage records, and otherwise control the terms and conditions of Gilyard Mfg. employees.

31. Upon information and belief, at all times relevant, Ming had the power to stop any illegal pay practices that harmed Ms. Jelks.

32. Ming is a covered employer within the meaning of the FLSA, the NYLL, and the COBRA, and at all times relevant, employed Ms. Jelks and/or jointly employed Ms. Jelks.

33. Ms. Jelks, by her lawyers, notified Ming by letter on or about January 29, 2007, that Gilyard Mfg. owed Ms. Jelks her unpaid salary and employee benefits. She further notified Ming that, as one of the top ten shareholders of Gilyard Mfg., he was jointly and severally liable for "all debts, wages, and salaries" owed to Ms. Jelks within the meaning of NYBCL § 630(b).

**Chong**

34. Upon information and belief, at all times relevant to this action, Defendant Chong resided at 153 Promenade, Edgewater, NJ 07020-2111.

35. Upon information and belief, at all times relevant to this action, Chong owned and operated Gilyard Mfg.

36. Upon information and belief, at all times relevant to this action, Chong has been a shareholder, partner, and/or principal of Gilyard Mfg.

37. Upon information and belief, at all times relevant, Chong has had the power to hire and fire employees, set wages, create and retain time and/or wage records, and otherwise control the terms and conditions of Gilyard Mfg. employees.

38. Upon information and belief, at all times relevant, Chong had the power to stop any illegal pay practices that harmed Ms. Jelks.

39. Chong is a covered employer within the meaning of the FLSA, the NYLL, and the COBRA, and at all times relevant, employed Ms. Jelks and/or jointly employed Ms. Jelks.

## FACTUAL ALLEGATIONS

**Background and Plaintiff's Duties**

40. On August 15, 2005, Defendants hired Ms. Jelks to work as the assistant to the President and Sales Director, Jemik Adams.

41. Defendants paid Ms. Jelks an annual salary of $33,000.

42. She was scheduled to work daily from 9:30 a.m. to 5:30 p.m.

43. Nevertheless, Ms. Jelks worked more than 40 hours during most weeks.

44. Defendants promised to provide insurance benefits after three months of employment.

45. Defendants finally began providing Ms. Jelks with insurance benefits in February of 2006, after more than five months of employment.

46. Defendants provided health insurance through Oxford Health Plans ("Oxford benefits").

47. Defendants provided dental, accidental, and short-term disability insurance through Aflac, Inc. ("Aflac benefits").

48. Ms. Jelks's duties included, but were not limited to, cataloging merchandise, selling to retail outlets, providing customer service, and coordinating sales trips.

49. Defendants also required Ms. Jelks to clean toilets, floors, and windows, water plants, fetch water and coffee, unload delivery trucks, and assist all managers.

50. During her employment, Ms. Jelks traveled on more than ten business trips to trade shows in Las Vegas, the Bahamas, and Atlanta.

51. On or about October 2006, Defendants failed to pay Ms. Jelks her normal semi-monthly salary.

52. On or about November 2006, Defendants paid Ms. Jelks part of her October wages with a postdated check.

53. Ms. Jelks's November 2006 paycheck was returned unpayable due to insufficient funds.

54. On November 10, 2006, Defendants informed Ms. Jelks and other employees that Gilyard Mfg. was going out of business.

55. Defendants told Ms. Jelks that she should not return to work on November 13, 2006.

56. On or about November 14, 2006, Ms. Jelks spoke with Defendant Wong and requested her unpaid wages.

57. Wong told Ms. Jelks that he would not pay her for the hours that she worked.

58. Wong told Ms. Jelks that she would have to sue him to recover her unpaid wages.

**Unpaid Overtime & Spread of Hours Pay**

59. Defendants willfully failed to record, credit, or compensate Ms. Jelks for many of the hours that she worked.

60. Throughout her employment, Defendants often required Ms. Jelks to work more than ten hours each day.

61. For example, on or about August 2005, Ms. Jelks worked thirteen days in a row. She worked more than ten hours on several of these days.

62. On or about September 2005, Ms. Jelks went on two business trips and worked twelve days straight with no day off.

63. Ms. Jelks worked approximately the same schedule of days and hours from October August 2005 through October 2006.

64. Upon information and belief, Defendants kept no accurate records of all of the hours that Ms. Jelks worked.

65. Defendants did not pay Ms. Jelks for hours she worked in excess of 40 hours per workweek at a rate of one and one-half times her regular rate of pay.

66. Defendants did not pay Ms. Jelks spread of hours pay - an additional hour's pay at the basic minimum hourly wage rate for any day in which the interval between the beginning and end of her workday exceeded 10 hours.

**Failure to Pay Insurance Premiums**

67. Starting in February 2006, Defendants withheld approximately $80.40 and $40.00 from Ms. Jelks's semi-monthly paycheck for her share of Oxford and Aflac premiums, respectively.

68. Upon information and belief, Defendants failed to pay Oxford for Ms. Jelks's

insurance premiums for the months of July, August, and September 2006.

69. On or about November 2006, Ms. Jelks learned from Oxford that her benefits were terminated effective October 31, 2006.

70. Defendants failed to make any payments to Aflac for short-term disability insurance in August and September of 2006.  Defendants failed to make any payments to Aflac for dental and accident insurance in September of 2006.

71. On or about November 2006, Ms. Jelks learned that her Aflac benefits were not paid to date.

72. Defendants withheld approximately $602.40 in wages, allegedly for the purpose of paying Jelks's insurance premiums, but failed to pay any of that money to Oxford or Aflac.

**Violation of COBRA**

73. On or about November 2006, Defendants terminated Ms. Jelks's employment.

74. Upon information and belief, Defendants failed to notify the Oxford plan administrator within thirty days that Ms. Jelks had been terminated.

75. Upon information and belief, Defendants failed to notify the Aflac plan administrator within thirty days that Ms. Jelks had been terminated.

76. Defendants failed to send any notice to Ms. Jelks of her right to continue benefits coverage under Oxford or Aflac.

**FIRST CAUSE OF ACTION**
**(Fair Labor Standards Act:  Unpaid Minimum Wages and Overtime Wages)**

77. Ms. Jelks realleges and incorporates by reference all allegations in all preceding paragraphs.

78. Defendants are employers engaged in commerce and/or the production of goods for

commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

79. At all times relevant, Ms. Jelks was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

80. The overtime wage provisions set forth in the FLSA apply to Defendants and protect Ms. Jelks.

81. Upon information and belief, Defendants did not keep accurate records of the hours that Ms. Jelks worked, the time of arrival and departure, or the wages that they paid Ms. Jelks.

82. Defendants willfully failed to record, credit, or compensate all work that Ms. Jelks performed.

83. During the period from October 2006 to November 2006, Defendants failed to pay Ms. Jelks the minimum wage required by the FLSA.

84. Defendants failed to pay Ms. Jelks overtime premiums for weeks during which Ms. Jelks worked more than 40 hours.

85. Defendants' violations of the FLSA, as described in this Complaint, were willful and intentional.

86. As a result of Defendants' willful violations of the FLSA, Ms. Jelks has suffered damages.

87. Defendants have not made a good faith effort to comply with the FLSA with respect to Ms. Jelks's compensation.

88. Defendants Wong, Ming, and Chong are jointly and severally liable, as individuals, for the unpaid minimum and overtime wages pursuant to NYBCL § 630(b).

## SECOND CAUSE OF ACTION
**(New York Labor Law:  Unpaid Minimum Wages and Overtime Premiums)**

89. Ms. Jelks realleges and incorporates by reference all allegations in all preceding paragraphs.

90. At all times relevant, Ms. Jelks was an employee and Defendants were employers within the meaning of the New York Labor Law.

91. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants and protect Ms. Jelks.

92. Defendants willfully failed to record, credit, or compensate all work performed by Ms. Jelks while she was in their employ.

93. During the period from October 2006 to November 2006, Defendants paid Ms. Jelks less than the minimum hourly wage required by the New York Labor Law.

94. Defendants failed to pay Ms. Jelks overtime premiums when Ms. Jelks worked more than 40 hours in a workweek, as required by the New York Labor Law.

95. By Defendants' failure to pay Ms. Jelks compensation at the applicable minimum wage rate and at the applicable and overtime premium rate for hours worked in excess of 40 hours per week, Defendant willfully violated the New York Labor Law Article 6, §§ 190 et seq., and Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations.

96. Defendants Wong, Ming, and Chong are jointly and severally liable, as individuals, for the unpaid minimum and overtime wages pursuant to NYBCL § 630(b).

## THIRD CAUSE OF ACTION
### (New York Labor Law:  Unpaid Spread of Hours Pay)

97. Ms. Jelks realleges and incorporates by reference all allegations in all preceding paragraphs.

98. Ms. Jelks regularly worked 10 or more hours in a single day without additional compensation as required by Article 19 of the New York Labor Law, N.Y. Exec. Law §§ 650 et seq. and the supporting regulations including, but not limited to, 12 N.Y.C.R.R. §§ 142-2.2, 142-2.4, 142-3.4.

99. Defendants willfully failed to record, credit, or compensate all work performed by Ms. Jelks while she was in their employ.

100. Defendants Wong, Ming, and Chong are jointly and severally liable, as individuals, for all unpaid spread of hours pay pursuant to NYBCL § 630(b).

### FOURTH CAUSE OF ACTION
### (New York Labor Law Article 6: Unpaid Wages)

101. Ms. Jelks realleges and incorporates by reference all allegations in all preceding paragraphs.

102. At all times relevant to this action, Ms. Jelks has been an employee and Defendants have been employers within the meaning of New York Labor Law §§ 190, 651(5).

103. The provisions of Article 6 §§ 190 et seq. of the New York Labor Law and its supporting regulations apply to Defendants and protect Ms. Jelks.

104. Defendants willfully failed to pay Ms. Jelks at her agreed regular rates of pay for all hours worked or required to be compensated in violation of Article 6 of the New York Labor Law §§ 190 et seq.

105. Defendants Wong, Ming, and Chong are jointly and severally liable, as individuals, for all unpaid wages pursuant to NYBCL § 630(b).

### FIFTH CAUSE OF ACTION
### (Unlawful Deductions)

106. Ms. Jelks realleges and incorporates by reference all allegations in all preceding paragraphs.

107. At all times relevant to this action, Ms. Jelks has been an employee and Defendants have been employers within the meaning of New York Labor Law §§ 190, 651(5).

108. For approximately three months in 2006, Defendants intentionally and knowingly deducted from money from Ms. Jelks wages to fund her Oxford and Aflac insurance premiums.

109. Defendants knowingly failed to pay the withheld wages to Oxford and Aflac as promised.

110. Ms. Jelks did not expressly authorize Defendants to deduct from her wages for any purpose other than the payment of insurance premiums.

111. Defendants conduct in deducting Ms. Jelks's wages violated New York Labor Law § 193.

112. Defendants Mong and Wing are jointly and severally liable, as individuals, for all unpaid wages pursuant to NYBCL § 630(b).

## SIXTH CAUSE OF ACTION
### (COBRA)

113. Ms. Jelks realleges and incorporates by reference all allegations in all preceding paragraphs.

114. At all times relevant, Ms. Jelks was an employee within the meaning of 29 U.S.C. § 1167(2).

115. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 1167(4).

116. On or about November 13, 2006, Defendants terminated Ms. Jelks.

117. Ms. Jelks was not terminated for gross misconduct.

118. Termination is a qualifying event that triggers COBRA's notification requirement.

119. Upon information and belief, Defendants failed to notify the plan administrators within thirty days of the date of the qualifying event.

120. Defendants failed to send any notice to Ms. Jelks's last known address.

121. Defendants did not make a good faith effort to notify Ms. Jelks and, therefore, violated COBRA's notification requirement.

122. Ms. Jelks is entitled to damages for failure to provide notice to a covered employee in an amount of up to $100.00 per day pursuant to 29 U.S.C. § 1132(c)(1).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A. Unpaid wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

B. Unpaid overtime pay and liquidated damages pursuant to Article 19 of the New York Labor Law, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

C. Unpaid regular wages and liquidated damages at the agreed rate pursuant to Article 6 of the New York Labor Law, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

D. Spread of hours pay and liquidated damages;

E. Statutory damages for failure to notify Plaintiff of her rights under COBRA;

F. Pre-judgment interest;

    G.    An injunction requiring Defendants to pay all statutorily required wages;

    H.    Compensatory damages for emotional distress and pain and suffering;

    I.    Punitive damages;

    J.    Reasonable attorneys' fees and costs of the action; and

    K.    Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       April __, 2008

                Respectfully submitted,

          By: __/s/  ReNika Moore_____

                **Outten & Golden LLP**
                Justin Swartz (JS 7989)
                ReNika Moore (RM 3484)
                Outten & Golden LLP
                3 Park Avenue, 29th Floor
                New York, New York 10016
                Telephone:  (212) 245-1000