**Outten & Golden LLP**
Justin M. Swartz (JS 7989)
ReNika Moore (RM 3484)
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIMONE J. JELKS,<br><br>Plaintiff,<br><br>- against -<br><br>GILYARD MFG. CO LLC;<br>KWOK K. WONG; WONG CHI MING; AND<br>CHARLES CHONG,<br><br>Defendants. | 07 Civ. 07513 (PKC)<br><br>**DECLARATION OF RENIKA C. MOORE IN SUPPORT OF PLAINTIFF'S REQUEST TO ENTER DEFAULT** |

I, ReNika C. Moore, declare:

　　1.　　I am an attorney admitted to practice law before the Courts of the State of New York and this United States District Court. I am a member of the law firm Outten & Golden LLP, attorneys for the plaintiff Simone J. Jelks. I am fully familiar with the facts and circumstances set forth herein.

　　2.　　On August 24, 2007 Plaintiff commenced this action with the filing of a summons and complaint for unpaid wages, failure to pay health and disability insurance premiums despite withholding money from her paycheck, failure to pay overtime wages, and failure to comply with their notification obligations under COBRA.

1

3. A copy of the summons and complaint was properly served on GILYARD MFG. Co., LLC, a defendant in this action, by delivering the documents to and leaving them with Carol Vogt, Agent of the Secretary of the State of New York on September 27, 2007. Proof of such service thereof, attached hereto as Exhibit A, was filed with the court on October 4, 2007.

4. This Court has subject matter jurisdiction over the FLSA and the COBRA claims pursuant to 28 U.S.C. §§ 1331 and 1337 because they present federal questions. This Court has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy as the claims within original jurisdiction.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in the District.

6. During a substantial part of the events or omissions giving rise to the claims, Defendant Gilyard Mfg. was located at 1384 Broadway, 23rd Floor, in the City and County of New York, in the State of New York.

7. Defendant Gilyard Mfg. is a corporation, and is not an infant, in the military, or an incompetent person.

8. Defendant Gilyard Mfg. has failed to plead or otherwise defend this action.

9. Attached as Exhibit B, is a certificate of default signed and stamped by the Clerk of the Court.

**RELIEF**

    10.    Plaintiff request the following amounts in damages:

        a.    $17269.44 in unpaid wages (including overtime) and an additional $17269.44 in liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations and pursuant to Article 19 of the New York Labor Law, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

        b.    $1,200 in unreimbursed expenses incurred in the course of Plaintiff's employment;

        c.    $602.40 in fraudulent insurance deductions;

        d.    $4,442.34 in unpaid regular wages and liquidated damages at the agreed rate pursuant to Article 6 of the New York Labor Law, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

        e.    $18,000 in statutory damages (calculated at $100 for six months) for failure to notify Plaintiff of her rights under COBRA;

        f.    In total, Plaintiff requests $63,225.96 (plus 9% pre-judgment interest) in damages.

        g.    An injunction requiring Defendant to pay all statutorily required wages;

        h.    Punitive damages;

        i.    Attorneys' fees and costs as provided under the FLSA, NYLL, and COBRA; and

        j.    Such other relief as this Court shall deem just and proper.

    11.    No part of the judgment sought has been paid.

    12.    Plaintiff is scheduled to have a second mediation session with Defendant Kwok K. Wong on June 19th through the Southern District of New York's Mediation Office. In the event that any part of the judgment is settled and paid for by Defendant Wong, Plaintiff understands that default judgment requested above may be offset.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   New York, New York
         June 4, 2008

                                          Respectfully submitted,
                                          *Attorney for Plaintiff*

                              By:   /s/ ReNika C. Moore
                                          ReNika C. Moore
                                          3 Park Avenue, 29th Floor
                                          New York, New York 10016
                                          Telephone: (212) 245-1000
                                          Facsimile: (646) 509-2069